## MOSE JOHNSON v. STATE.

No. A-10696.   Aug. 21, 1946.

Writ of Certiorari Denied Oct. 28, 1946.
See 67 S. Ct. 132.

(172 P. 2d 337.)

Geo. L. Hill and Paul Gotcher, both of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Tom G. Haile, Co. Atty., of McAlester, for defendant in error.

BAREFOOT, J. Defendant, Mose Johnson, was charged jointly with Stanley Steen in the district court of Pittsburg county, with the crime of murder. A severance was taken, and the defendant Mose Johnson was tried, convicted and sentenced to death by electrocution, and has appealed.

This defendant and Stanley Steen were charged jointly in two cases; one for the murder of Pat Riley, a sergeant of the guard at the State Penitentiary, and the other for the murder of L. C. Smalley, an inmate of the Penitentiary.

Stanley Steen was tried for the murder of Pat Riley, was convicted and sentenced to death. The appeal in his case was decided by this court on March 20, 1946. Steen v. State, 82 Okla. Cr. 141, 167 P.2d 375. He committed suicide while in the death cell at the State Penitentiary, awaiting execution.

This defendant was tried for the murder of Pat Riley and was convicted and sentenced to life imprisonment. He was then tried for the murder of L. C. Smalley, was convicted and sentenced to death by electrocution. This is the case now before this court.

The two killings occurred within the walls of the State Penitentiary at McAlester, and within a very few minutes of each other. A full and detailed statement of the facts is set out in the opinion in the Steen case, supra, and it is unnecessary to repeat them here.

The Governor of the State, on September 12, 1945, in compliance with 22 O.S.1941 § 1003, requested an advisory opinion of the Judges of this court. Thereafter, and on November 14, 1945, defendant filed his appeal in this court, and we entered an order staying his execution pending the appeal. Subsequent thereto, the case was set for oral argument and argued, and briefs have been filed for both the state and the defendant. It now becomes our duty to pass upon the appeal. It re Opinion of the Judges, 35 Okla. Cr. 39, 248 P. 350; Steen v. State, 82 Okla. Cr. 141, 167 P.2d 375.

Defendant in his brief states:

"In defendant's motion for new trial in the lower court, several assignments of error are urged, but in defendant's petition in error herein, defendant relies mainly for reversal or modification of the punishment herein upon the error of the court in:

"1. Admitting evidence of another crime than the one for which defendant was being tried, and failure to properly instruct the jury as to the purpose for which they might consider it.

"Instruction No. 10, quote:

" 'The court instructs you that you are not trying the defendant for the death of W. H. (Pat) Riley, but for the death of L. C. Smalley, and that the evidence pertaining to the death of W. H. (Pat) Riley, must not be considered by you unless it is part of the same transaction of the death of L. C. Smalley, or may show whether or not the defendant, Mose Johnson, was aiding and

abetting one Stanley Steen in the death of the said L. C. Smalley.'

"And

"2. That the evidence and testimony of the State's witnesses was not strong enough, nor clear enough to justify the jury in returning a verdict of guilty with the punishment set at death in the electric chair."

This first assignment of error was fully considered in the Steen case, supra, and since the identical question was passed upon in that case, it becomes unnecessary to again review it. The evidence with reference to the killing of Riley was a part of the res gestae, and was clearly admissible for the reasons stated in the Steen case.

With reference to the sufficiency of the evidence to sustain the judgment and sentence of the death penalty, we refer to the facts stated in the Steen case. The contention that the evidence only showed that the "defendant Johnson struck the said Smalley with either his open hand or fist" is not borne out by the record. A careful reading of the testimony of the witness Raymond Anderson reveals that he was looking directly at defendant as "they got to the east door or in the canteen door and rushed on back where Smalley was. Mose walked in ahead of Stanley, and I didn't see what he hit him with, anyway he hit him, and Stanley walked up and stabbed him with this dirk."

"Q. When Mose hit Smalley, state what Smalley did. A. Smalley only fell. Q. Fell? A. Yes, sir. Q. When Mose hit him he went down? A. Yes, sir. Q. Could you state how many times you saw Mose strike him? A. Only saw him hit one lick."

This witness then testified that Stanley Steen immediately walked up and stabbed Smalley twice. He also

testified that as defendant and his codefendant Stanley Steen attempted to leave the canteen after the killing, that defendant was knocked down by a guard and he saw a claw hammer taken from the waist of defendant's pants. This claw hammer was introduced in evidence and identified by the witness.

George Jones, who was also an eyewitness to the killing, corroborated in detail the testimony of the witness Anderson, as follows:

"Q. Now, just state to the court and jury what you saw take place there. A. Well, all I seen take place when I got around to the window there, this boy, Stanley Steen was stabbing Smalley, and Mose Johnson was standing up there by the side of him. . . . Q. Was Smalley on the floor when you first saw him? A. Yes, sir. Q. What, if anything, did you see Steen have in his hand? A. Seen him with a dirk in his hand. Q. Did you see him stab him more than once? A. Oh, two or three times."

(He then identified the dirk.)

"Q. You say that Mose Johnson was standing there by Stanley Steen? A. Yes, sir. Q. Did you see anything in his hand? A. I seen a hammer down by his side."

He did not see the defendant strike Smalley. He was at first standing on the east side of the canteen but changed his position to the south side, from which point he observed the stabbing.

Doctor A. P. Davis, the prison physician, who examined the deceased Smalley just prior to his death, testified that in addition to the cuts and stabs on his body which caused his death, he had "four upper front

teeth missing. Recent open sockets—that means recently knocked out."

This evidence, together with the other facts and circumstances, was such as to justify the jury in reaching the conclusion that the deceased was struck by defendant with the hammer prior to his being stabbed by Stanley Steen.

We find nothing in this record that would justify this court in setting aside or modifying the judgment and sentence rendered. The facts presented a premeditated design on the part of defendant and his codefendant Steen to murder the deceased, and it was carried out in a manner that revealed its planned execution.

Defendant was given a fair and impartial trial, and for the reasons above stated, the judgment and sentence of the district court of Pittsburg county is affirmed.

The original time assigned for the execution of the judgment and sentence having expired, owing to the pendency of this appeal, it is considered, ordered and adjudged that the judgment and sentence of the district court of Pittsburg county be carried out by the electrocution of this defendant on the first day of November, 1946.

JONES, P. J., concurs. DOYLE, J., not participating.