## SHERRILL v. STATE.

No. A-11815. July 29, 1953.

(260 P. 2d 418.)

Raymond A, Trapp, Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. Abe Sherrill was charged by an information filed in the county court of Kay county with the unlawful sale of one pint of whiskey; was tried, found guilty by verdict of a jury, who, being unable to agree upon the punishment, left the same to be fixed by the court. Thereafter, the defendant was sentenced to serve the maximum punishment of six months imprisonment in the county jail and to pay a fine of $500 and costs.

On appeal, two assignments of error are presented. First, the evidence of the officer relative to a search of defendant's premises subsequent to the alleged sale of liquor was not admissible on the trial of the charge for such sale. Second, the judgment and sentence was excessive.

The proof on the part of the state was furnished by two investigators from the State Department of Public Safety, and no evidence was offered on behalf of the accused.

Chester Stringer testified that he went to defendant's place of business, knocked on the door, a man opened a peephole, and the witness told him he wanted to buy a pint of Bourbon Supreme. The man on the inside of the house told the witness the price would be $3.50 and the seller shoved a metal drawer out of the wall of the house in front of the witness and into which drawer the witness placed his money. The man on the inside of the house pulled the drawer back into the house, withdrew the money, placed a pint of Royal Bourbon whiskey inside the drawer, and shoved it through the wall back to the witness, and at the time he did so, he remarked that that was the last whiskey he had. The witness took the whiskey and stepped about 12 feet to an automobile, placed the whiskey on the front seat, and, together with his associate, Ray Page, they returned to the house and knocked on the door. The door was immediately opened by the defendant. The officers advised him they had a search warrant for the premises and they made a search of the premises, but found no intoxicating liquor of any kind. The defendant was the only person in the building.

Although objection was interposed to parts of the testimony of the officers concerning what was found in the interior of the building, the record does not disclose that any objection was interposed to the testimony of the officer that the defendant was the person who opened the door to the building, and that defendant was the only person on the inside of the premises. Furthermore, the general rule relied upon by the defendant to the effect that evidence of offenses other than the one for which the defendant is on trial is not admissible would not apply because there is an exception to such general rule, which is as firmly established as the rule itself, to the effect that evidence that tends directly to prove defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another offense, and also that evidence of a different

offense than the one charged is admissible when both offenses are so closely linked or connected as to form part of res gestae. Daves v. State, 77 Okla. Cr. 343, 141 P. 2d 603; Johnson v. State, 82 Okla. Cr. 437, 172 P. 2d 337; Tillman v. State, 82 Oka. Cr. 276, 169 P. 2d 223.

Of course, the testimony of the officers did not show the commission of any other offense by the accused; their testimony establishing the fact that defendant was the only person in the building was admissible as a part of the res gestae because the entrance of the officers into the building was within a minute or two after the sale of the whiskey was consummated.

We think there is merit to the contention that the sentence which was imposed was excessive. The jury did not fix the punishment but left the same to be fixed by the court. At the time the motion for new trial was overruled, there was no evidence presented to the court to show that the defendant was an habitual offender, nor was there anything placed in the record which would justify this court in sustaining the infliction of the maximum penalty. The punishment imposed in any offense must bear a direct relationship to .the nature and circumstances of the offense which was committed.

It is our conclusion, after carefully considering the record, that the ends of justice will be served by modifying the sentence which was imposed from six months in the county jail and a fine of $500, to 60 days in the county jail and a fine of $250, and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.